## FLORIDA EAST COAST RY. CO. v. SHAW et al.

(District Court, S. D. Florida. February 19, 1926. On Demurrer and Motion to Strike Paragraph of Answer, March 11, 1926.)

No. 2230.

**1. Eminent domain ⊜191(1).**

Sufficiency of petition in railroad's proceeding to condemn land must be decided on construction of state statutes.

**2. Eminent domain ⊜58—Railroad's right to condemn land under Florida statute held not limited, except as to width of right of way (Rev. Gen. St. Fla. 1920, §§ 4111, 4354, 4355).**

Railroad's right under Rev. Gen. St. Fla. 1920, § 4111, to condemn land for business contemplated by its charter, as for shop and yard purposes, is not limited by sections 4354, 4355, except as to width of right of way.

**3. Eminent domain ⊜66, 192—Courts will not inquire into necessity of taking, in absence of charge of improper motive, and paragraphs of answer raising question of necessity, but not charging improper motive, are bad on demurrer.**

Necessity of taking of land is for determination of public service corporation, and courts will not inquire into it, except improper motive be charged; hence paragraphs of answer in eminent domain proceeding, raising question of necessity, but not charging improper motive, are bad on demurrer.

**4. Pleading ⊜354(2)—Paragraph of answer setting out damage to property not taken held subject to motion to strike out, in view of state statute.**

Paragraph of answer in eminent domain proceeding, setting out damage to remaining property which the taking would occasion, *held* subject to motion to strike out, in view of state statute requiring that compensation for land taken cover damages resulting to remaining property.

At Law. Eminent domain proceeding by the Florida East Coast Railway Company to condemn land belonging to Julian W. Shaw and another. On demurrer to and motion to

strike petition, and later on demurrer to and motion to strike out certain paragraphs of answer. Demurrer to petition overruled, and motion to strike denied. Demurrer to paragraphs of answer sustained and motion to strike granted.

Robert H. Anderson and Russell L. Frink, both of Jacksonville, Fla., for petitioner.

J. Turner Butler, of Jacksonville, Fla., for defendants.

CALL, District Judge. This cause comes on for a hearing upon the motion to strike and demurrer to the petition filed by the plaintiff to condemn a strip of land 200 feet wide at Ft. Pierce for shop and yard facilities. The petition alleges that already it has a right of way for roadbed of 100 feet, and this 200 feet is necessary for shop and yard facilities, to enable it to carry out the purposes of incorporation. The sufficiency of the petition is challenged by both the demurrer and motion to strike, on the ground that the petition shows that it already has a right of way of 100 feet in width, and seeks to condemn 200 feet additional; that there is no power to condemn for shop and yard purposes.

[1, 2] These questions must be decided upon the construction of the Statutes of Florida. These statutes have not been construed upon these points by the Supreme Court of the state and must be therefore construed by this court. The right to use the power of eminent domain is vested in the petitioner by section 4111 of the Revised General Statutes as follows:

"The president and directors of any corporation organized for the purpose of constructing, maintaining or operating public works, * * * may enter upon any lands, public or private, necessary to the business contemplated in the charter, and may appropriate the same * * * upon making due compensation according to law to private owners."

This was passed by the Legislature as chapter 1639 of the Acts of 1869, and vests in public service corporations, such as the petitioner is, the right to take by condemnation proceedings all lands necessary to the business contemplated in the charter of the company. There is no limitation to the area to be taken. The only limitation to be found in this section is the necessity of the land for the business contemplated in the charter. But it is insisted on behalf of the defendants that the quantity was limited by chapter 1987 of the Acts of 1885 (section 4354, Re-

vised General Statutes of Florida), which reads as follows:

"Every railroad and canal company shall be empowered: * * * (4) To lay out its road or canal, not exceeding two hundred feet in width, and to construct the same, and, for the purpose of cuttings and embankments and for obtaining gravel and other material, to take as much land as may be necessary for the proper construction, operation and security of the road or canal, * * * making compensation therefor as provided for land taken for the use of the company."

Does this quoted section in any way, except the width of right of way, limit the grant of power given in section 4111 quoted above? I think not. By the first above quoted section, which became a law in 1869, an unrestricted power to exercise the right of eminent domain was vested in the corporation. This right, by the section last above quoted, restricts this right only by limiting the corporation in laying out its road to 200 feet in width. It does not purport to restrict the right of condemnation of lands necessary to the business contemplated in the charter of the corporation. Giving the two sections quoted this construction, as I do, the petitioner is empowered to condemn the necessary lands for shop and yard purposes, and such lands so sought to be condemned are not limited in area by the provisions of section 4354.

I do not think section 4355 of the Revised General Statutes of Florida, passed in 1895, aids in the construction of the two sections above quoted. This last section, it seems to me, was intended to set at rest any question which might have been raised as to the right of railways and canals to condemn riparian rights, which had been sought to be vested in owners of contiguous highlands, rather than to limit or deprive corporations of the right of condemnation of other lands for shop and yard purposes, when the necessity for same existed to carry out the purposes of incorporation. This section, by its language, is confined to "terminal facilities" on the waters of the state.

The motion to strike will therefore be denied, and the demurrer overruled.

## On Demurrer and Motion to Strike Paragraphs of Answer.

This cause comes on to be further heard upon the demurrer and motion to strike paragraphs 2, 4, and 5 of defendant's answer. Paragraphs 2 and 4 seek to raise the question of the necessity for plaintiff's taking the

quantity of land sought to be condemned in this case. Paragraph 5 seeks to set out the damage to defendant's remaining property the taking of the part sought would occasion. [3] As I understand the law, the question of the necessity to take the land for a public purpose has been delegated by the act to the public service corporation for decision, and the court will not inquire into the necessity, except where the charge is made that such corporation, in selecting the land to be taken, is actuated by an improper motive, and without such charge the court has no power to inquire into the question of necessity.

[4] In regard to the fifth paragraph, the statute of the state requires that compensation to be made to the landowner shall cover all such damages resulting to his remaining property as results from such taking.

I am of opinion, therefore, that the demurrer to the second and fourth paragraphs should be sustained, and the motion to strike the fifth paragraph should be granted. It will be so ordered.